Dear Representative McCracken:
You recently requested an opinion from this office on behalf of the Polk County Volunteer Fire Association as follows:
 May the same ballot contain the formation of the three-member board and a levy proposal to support the same?
The provisions for fire protection districts are set forth generally in Chapter 321, RSMo. The statutes provide for the formation of the district by a petition in the circuit court praying for the establishment of the fire protection district. After the court determines, following a hearing, that the petition is proper and the allegations of the petition are true, the court enters an order establishing the district and, among other things, setting an election for voters within the district. The circuit court's decree of incorporation of the fire protection district does not become final until it has been submitted to an election of the voters within the district and assented to by a majority of the voters voting on the question.
Chapter 321 establishes a number of levies and we assume for this opinion that your question is directed to the initial levy of 30 cents per $100 assessed valuation which is authorized by Section 321.240, RSMo Supp. 1984. In answering your request we will address primarily three questions:
1. Must the 30 cent levy be submitted to the voters?
2. If so, may the question be placed on the same ballot as the formation of the district and the election of the three-member board?
3. May the proposition generally authorize up to a 30 cent levy or must it state a specific amount?
The decree of the circuit court must provide for an election to finally incorporate the fire protection district. The requirements of that election are set forth in Section 321.120, RSMo Supp. 1984. That section provides that the decree of the circuit court fix a date for holding the election to vote on the proposition of incorporating the district and to select the three persons to act as the first board of directors. The statute further provides that:
 The question shall be submitted in substantially the following form:
 Shall there be incorporated a fire protection district? YES [ ] NO [ ]
Section 321.120.2, RSMo Supp. 1984. Section 321.120.3, RSMo Supp. 1984, provides the form of the ballot for the election of a director or directors. Section 321.120 is silent on the submission of any levy to the voters.
The directors of the fire protection district are authorized to levy taxes in Section 321.240. That section provides an initial levy of up to 30 cents per $100 assessed valuation and provides an additional levy not to exceed 10 cents per $100 assessed valuation to be deposited in a special fund used for a pension program. Section 321.240 is silent on the submission of the initial 30 cent levy to the voters. This section does provide a ballot form for the submission of the 10 cent levy for pension programs.
Article X, Section 22, Missouri Constitution, provides in pertinent part:
 (a) Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, . . . without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon . . . .
Since Section 321.100, RSMo Supp. 1984, provides that the fire protection district "shall be a political subdivision of the state of Missouri" the constitution requires the submission of the levies to the voters of the district.
While it could be argued that the proposition regarding incorporating the fire protection district encompasses an election on the 30 cent levy, it is our view that the cases ofRoberts v. McNary, 636 S.W.2d 332 (Mo. banc 1982) andWenzlaff v. Lawton, 653 S.W.2d 215 (Mo. banc 1983) require a separate proposition regarding the tax levy be submitted to the voters.
Since the levy must be submitted to the voters, we must also be concerned with whether the levy must be submitted as a sum certain or whether it may be submitted in general terms such as "up to 30 cents." This is because the district cannot set a sum certain until after the election of the three-member board. Only the three-member board may set the amount of the levy after determining the amount of money necessary to supply funds for paying the expenses of organization and operation and the costs of acquiring, supplying and maintaining the property, works and equipment of the district and the necessary personnel. Section321.240, RSMo Supp. 1984. Since the members are elected on the initial ballot, a sum certain would require a later ballot for them to set the amount as required by the statute.
The Hancock Amendment is silent as to the ballot form for the submission of additional taxes, licenses, or fees required by Article X, Section 22. There seems no reason why a proposition submitted to the voters allowing the board to levy a tax up to 30 cents would not comply with Article X, Section 22 of the Missouri Constitution. Our opinion on this matter is strengthened by the fact that the legislature has provided a ballot form in Section 321.241, RSMo Supp. 1985, authorizing an additional levy by the fire protection district of not more than 25 cents on the $100 assessed valuation. The specific ballot form set forth in Section 321.241 reads:
 Shall the Board of Directors of the ______ Fire Protection District be authorized to levy an additional tax of not more than twenty-five cents on the one hundred dollars assessed valuation to provide funds for the support of the district?
 [ ] FOR THE PROPOSITION [ ] AGAINST THE PROPOSITION
 (Place an X in the square opposite the one for which you wish to vote.)
It is therefore our conclusion that the submission of the initial 30 cent levy may be done in the same form as that provided in Section 321.241 for the additional 25 cents.
Since it is our conclusion that the levy may be submitted to the voters in a general form, we now consider whether the initial 30 cent levy may by submitted on the same ballot as the incorporation. Section 321.120 does not specifically address this issue. However, 321.120.3 provides that electing the first board of directors or any subsequent board "may be submitted on a separate ballot or on the same ballot which contains any other proposition of the fire protection district".
Section 321.120.4 provides in part:
 If the court enters an order declaring the decree of incorporation to be final and conclusive, it shall at the same time designate the first board of directors of the district who have been elected by the voters voting thereon . . . .
This language taken as a whole seems to require both measures to be submitted at the same election.
Section 321.120.4 further states in the last sentence "the court shall at the same time enter an order of record declaring the result of the election on the proposition, if any, to incur bonded indebtedness." This is the first mention of bonded indebtedness in this section. The board is authorized to incur bonded indebtedness in Section 321.220, RSMo Supp. 1984, which sets forth the powers of the board.
All of these sections taken together lead us to conclude that the legislature intended to include multiple measures on the initial ballot. We conclude the ballot submitting the incorporation of the fire protection district may also include a proposition regarding the 30 cent levy.
CONCLUSION
It is our opinion that:
1. The initial levy of 30 cents per $100 of assessed valuation for a fire protection district must be submitted to the voters as required by Article X, Section 22, of the Missouri Constitution, the Hancock Amendment.
2. The levy question may be submitted to the voters on the same ballot as the incorporation of the fire protection district and the election of the first board of directors.
3. The ballot proposition for the levy may be set forth in general terms such as: Shall the board of directors of the ________ fire protection district be authorized to levy a tax rate of not more than 30 cents per $100 assessed valuation to provide funds for the support of the district?
Very truly yours,
 WILLIAM L. WEBSTER Attorney General